NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Aaron D. FORMAN,<br><br>              Appellant,<br><br>v.<br><br>Catherine E. YOUNGMAN and AMBOY BANK,<br><br>              Appellees. | Civ. No. 13-5877<br><br>OPINION |

THOMPSON, U.S.D.J.

## I. INTRODUCTION

This matter is before the Court upon the appeal of Aaron D. Forman ("Appellant") of an order entered by the United States Bankruptcy Court for the District Of New Jersey on June 12, 2013 captioned "Order Denying Aaron Forman's Motion to Remove Catherine Youngman as Chapter 7 Trustee." (Docket No. 1).[1]  Catherine E. Youngman ("Appellee") opposes this appeal. (Docket No. 14).  The Court has decided this matter upon the parties' written submission without oral argument.  For the reasons set forth below, Appellant's appeal will be dismissed for lack of jurisdiction.

## II. BACKGROUND

On November 29, 2007 (the "Petition Date"), Hovie Forman ("the Debtor") filed a voluntary petition for relief under chapter 13 of the United States Bankruptcy Code.

---

[1]  This is Aaron Forman's fourth appeal to this Court in this matter.  (Docket No. 14, Appellee's Br. at 2).

(Bankruptcy Docket No. 1).  On the Petition Date, the Debtor had an interest of fifty-percent or more in 116 Bloomfield Street, Hoboken, New Jersey ("the Property").  The remaining interest was owned by an entity known as J Maar Development, LLC ("J Maar").  Until June of 2011, J Maar's managing member was Joshua Maarleveld.  Maarveld was replaced by Appellant as J Maar's managing member on June 9, 2011.  (Bankruptcy Docket No. 385).  Appellant does not have a proprietary interest in the Property and he is not a creditor of the Debtor's estate.  (Docket No. 14, Appellee's Br. at 4).

On October 22, 2008, the bankruptcy court entered an order converting the Debtor's case to a chapter 7 case, (Bankruptcy Docket No. 30), and thereafter Appellee was appointed as the chapter 7 trustee for the Debtor's estate, (Bankruptcy Docket No. 32).  Appellee retained a real estate broker to market the Property for sale.  (Bankruptcy Docket No. 60).

On January 24, 2008, the Debtor commenced an Adversary Proceeding against Appellant and a number of other defendants seeking complete title to the Property.  (Adversary Docket No. 1).  Upon her appointment as Trustee, Appellee assumed the Debtor's role as plaintiff in the Adversary Proceeding and filed an amended complaint on March 2, 2009.  (Adversary Docket No. 25).

Appellant filed a motion to remove Appellee as trustee in the Main Case on September 15, 2011.  (Bankruptcy Docket No. 436).  The bankruptcy court dismissed Appellant's motion.  (Bankruptcy Docket No. 480).  During the hearing on Appellant's motion, the court noted Appellant's excessive filings in this matter and placed restraints on Appellant to prevent the re-litigation of previously decided issues.  (*Id*.).

On April 8, 2013, Appellant filed another motion to remove Appellee as trustee.  The "Motion to Remove Catherine Youngman as Chapter 7 Trustee" in the Adversary Proceeding

sought the following relief:

> (1) The removal of Catherine Youngman as Chapter 7 Trustee; (2) For a hearing
> on the appropriateness, legality and truthfulness of the actions of Catherine
> Youngman in connection with the § 363 sale of the property located at 116
> Bloomfield St.; (3) an order voiding the § 363 sale of the 116 Bloomfield
> property; (4) A grant of discovery pursuant to D.N.J. 7026-1-31.1 and inspection
> of all of the estate's documents and correspondence, including emails of
> Catherine Youngman; (5) an order directing the Trustee to produce all materials it
> relied on in its investigation of both Adversary Complaint and Sale Motions under
> Discovery D.N.J. 7026-1-31; (6) a thorough review of the Trustee's
> communications between David Penque, First Jersey Title, LT Title Company,
> ECH Development Group LLC, Joseph Scanlon, Esq., 1st Constitution Bank,
> New Jersey Title/Heritage Abstract, Steven Wallace, New Jersey Title, Weichert
> Realtors/Aurelio Romero, Thomas, Halm, Esq./Amboy Bank include all
> correspondence, print form or email pursuant to Discovery D.N.J. 7026-1-31.1;
> (8) a claw back of 116 Bloomfield Street; and (9) referring this matter to the
> United States Attorney General's Office.

(Adversary Docket No. 52).

The bankruptcy court held a hearing on Appellant's motion on May 30, 2013, which
resulted in the order denying Appellant's motion which is the subject of this appeal.  (Adversary
Docket No. 163).  At the hearing, Judge Gambardella of the bankruptcy court observed the

following about Appellant's motion:

> Here having reviewed all of the pleadings before the Court, having reviewed the arguments of the parties, the Court finds here that there has been no showing of intentional misconduct or negligence during the time that the Trustee has been administering the Debtor estate. Further, the Court finds that the Trustee has not breached any of her fiduciary duties, nor committed any fraud on the Court.  In large part, Mr. Forman's motion, with some exception, appear to include repetitions of prior allegations, many of which have already been addressed by the Court in connection with motions previously denied. Without showing of any intentional misconduct – or other fraud, or other breach of fiduciary duty, the Court finds no cause to remove the Trustee.  Nor has the movant state any grounds for a hearing on the appropriateness, legality and truthfulness of the actions of Catherine Youngman in connection with the Section 363 sale of the property located in Hoboken, New Jersey.  Nor has there been any grounds set forth for an order avoiding the sale of the property.  Nor has there been any grounds for the grant of discovery requested by Mr. Forman in the context of this motion.  Nor is there any grounds to direct the Trustee to produce materials as set forth in this motion.  Nor is there grounds to direct the Trustee to provide communications between various third parties . . . pursuant to the discovery rules, or any other further relief, nor are there grounds for a clawback of 116 Bloomfield Street, Hoboken, New Jersey.  Nor are there grounds for this Court to refer this matter to the United States Attorney's office.

(Transcript of May 30, 2013 hearing at 52:9-53:16).

## III.  ANALYSIS

Appellate standing in bankruptcy matters is more restrictive than Article III standing.  *See In re Combustion Eng'g, Inc.*, 391 F.3d 190, 215 (3d Cir. 2004).  With respect to bankruptcy appeals, courts have adopted the "person aggrieved" doctrine in which "marginal parties involved in bankruptcy proceedings, who, even though they may be exposed to some potential harm incident to the bankruptcy court's order[,] are not 'directly affected' by that order," lack standing to appeal.  *Travelers Ins. Co. v. H.K. Porter Co.*, 45 F.3d 737, 741-42 (3d Cir. 1995).

The Third Circuit has explained that the "person aggrieved" doctrine

> exists to fill the need for an explicit limitation on standing to appeal in bankruptcy
> proceedings.  This need springs from the nature of bankruptcy litigation which
> almost always involves the interests of persons who are not formally parties to the
> litigation.  In the course of administration of the bankruptcy estate disputes arise
> in which numerous persons are to some degree interested.  Efficient judicial
> administration requires that appellate review be limited to those persons whose
> interests are directly affected.

*Id.* at 741 (*quoting In re Fondiller*, 707 F.2d 441, 443 (9th Cir. 1983)).  Under the

doctrine, appeals are limited to persons whose interests are "directly and adversely

affected pecuniarily" by an order of the bankruptcy court, and must show that the order

"diminishes their property, increases their burden, or impairs their rights."  *In re*

*Combustion Eng'g, Inc.*, at 214 (quoting *In re Dykes*, 10 F.3d 184, 187 (3d Cir. 1993)).

Here, Appellant cannot meet the "person aggrieved" standard which would allow him to

appeal the bankruptcy court's order.   The only interest that Appellant has in the Debtor's

bankruptcy proceedings is that of a defendant in the Adversary Proceeding.  Courts have held

that a defendant in an adversary proceeding that is without a proof of claim does not have

standing to participate in a bankruptcy to file motions to convert or motions to dismiss.  *See In re*

*FBN Food Servs.*, 1995 WL 230958 (N.D. Ill. 1995) (holding that a defendant in an adversary

proceeding does not have standing to object to a creditor's claim in the main case); *In re*

*MarketXT Holdings Corp.*, 336 B.R. 67 (Bankr. S.D.N.Y. 2006) ("An entity's status as a

defendant in an adversary proceeding does not make it a 'party in interest' entitled to intervene in

other adversary proceedings . . . ."); *In re E.S. Bankest, L.C.*, 321 B.R. 590 (Bankr. S.D. Fla.

2005) (holding that defendant in an adversary proceeding does not have standing to prosecute a

motion to convert.).  *See also In re O'Brien Environmental Energy, Inc.*, 181 F.3d 527, 531 (3d

Cir. 1991) (finding that even prospective purchasers of property lack standing to object to a sale). Similarly, Appellant, as a defendant in the adversary proceeding without status as a creditor or any pecuniary interest in the bankruptcy proceeding, lacks standing to seek relief pertaining to the administration of the estate.

Furthermore, Appellant's motion does not pertain to claims in the Adversary Proceeding. The Amended Complaint in the Adversary Proceeding seeks to determine the estate's interest in the Property.  Any question of the Appellee's efficacy in carrying out her duties as trustee is the appropriate subject matter of the Debtor's Main Case and not the Adversary Proceeding.  Thus, Appellant cannot seek the removal of the Trustee in the Adversary Proceeding and Appellant's appeal will be dismissed for lack of standing.

The Court additionally notes that if it had standing to consider the appeal, it would dismiss the appeal as frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (finding an action is frivolous if it "lacks an arguable basis either in law or in fact").

## IV.  CONCLUSION

For the reasons set forth above, Appellant's appeal will be dismissed for lack of standing.


_/s/ Anne E. Thompson_
ANNE E. THOMPSON, U.S.D.J.


Date: 6/17/14